IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AGROTORS, INC.**, | : | CIVIL ACTION NO. 1:13-CV-1604 |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | |
| **ACE GLOBAL MARKETS**, | : | |
| Defendant | : | |

## **MEMORANDUM**

This action arises out of defendant Ace Global Markets' ("AGM") declination of insurance coverage for damages to plaintiff Agrotors, Inc.'s ("Agrotors") helicopter. Presently before the court is AGM's motion (Doc. 5) to dismiss Counts II-IV of Agrotors' complaint. For the reasons that follow, the court will grant the motion in part and deny it in part.

**I.   Background**[1]

At all times relevant to the complaint, Agrotors owned a Bell helicopter, Model Number 212, Serial Number 30920, FAA Registration Number N8530F ("the helicopter"). (Doc. 1 ¶ 4). AGM issued to Agrotors an Aviation Hull War & Perils Insurance Policy and an Aircraft Insurance Policy with effective dates of September 27, 2008 to September 27, 2009. (Doc. 1-1, Ex. A). Under the terms of

---

[1] In accordance with the standard of review for a motion to dismiss pursuant to Rule 12(b)(6), the court will present the facts as alleged in the amended complaint. See *infra* Part II. The court has disregarded those portions of the amended complaint which are merely legal conclusions or a formulaic recitation of the elements of a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).

the policy, AGM was required to pay for all repairs, replacement, accidental loss of or damage to the helicopter.  (Doc. 1 ¶ 6).

On January 3, 2009, the helicopter was being transported by land from Queretaro, Mexico, to the United States border entry at Nuevo Laredo, Mexico, with a final destination of Dallas, Texas.  (Id. ¶ 11).  In Nuevo Laredo, Mexican authorities seized the helicopter in response to false allegations that a third party owned the helicopter.  (Id. ¶¶ 12-14).  Thereafter, Agrotors learned that the helicopter was missing most, if not all, of its internal components.  (Id. ¶ 16).  On June 15, 2009, Agrotors provided AGM with a "Notice of Claim" related to these events and requested full indemnification by AGM, including reimbursement for all legal fees incurred to obtain possession of the helicopter.  (Id. ¶ 18).

AGM failed to respond to Agrotors' claim until May 31, 2012, when it issued a declination of coverage.  (Id. ¶ 19).  Due to AGM's failure to respond, Agrotors attempted to mitigate its losses by repairing and subsequently selling the helicopter in February 2011.  (Id. ¶¶ 22-23).

On June 14, 2013, Agrotors filed a complaint, alleging breach of contract (Count I), insurance bad faith (Count II), common law fraud and misrepresentation (Count III), and promissory estoppel (Count IV). (Doc. 1).  AGM filed the instant partial motion (Doc. 5) to dismiss on August 16, 2013.  The motion is fully briefed and ripe for disposition.[2]

---

[2] AGM did not file a reply brief, but instead filed a second supporting brief (Doc. 9) that was substantively identical to its initial submission (Doc. 6).

## II.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim

3

for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When the complaint fails to present a *prima facie* case of liability, courts should generally grant leave to amend before dismissing a complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.    Discussion

AGM seeks to dismiss Counts II, III, and IV of Agrotors' complaint on the grounds that the bad faith claim (Count II) is time barred, the fraud and misrepresentation claim (Count III) is barred by the "gist of the action" and economic loss doctrines, and the promissory estoppel claim (Count IV) is barred because the complaint alleges the requisite elements of a contract.  (Doc. 6).  The court will address each issue in turn.

4

A.     Count II: Bad Faith

Count II of Agrotors' complaint sets forth a claim for insurance bad faith pursuant to 42 Pa. C.S.A. § 8371.[3] Such a claim is subject to a two year statute of limitations pursuant to 42 Pa. C.S.A. § 5524. Ash v. Continental Ins. Co., 932 A.2d 877, 885 (Pa. 2007). The statute of limitations accrues for a bad faith claim when the right to institute and maintain a lawsuit arises. Haugh v. Allstate Ins. Co., 322 F.3d 227, 231 (3d Cir. 2003). However, pursuant to the discovery rule, the statute of limitations may be tolled until a party knows or reasonably should know that he has the right to sue. Id. at 231.

AGM asserts that Agrotors believed it had a right to pursue a claim against AGM by February 2011, as evidenced by the sale of the helicopter. (Doc. 6 at 7-10). Thus, AGM contends that Agrotors' bad faith claim, filed with this court on June 14, 2013, is time-barred. (Id.)

Agrotors claims that, pursuant to the discovery rule, it could not have been aware that it suffered damages due to AGM's bad faith until AGM issued its declination of coverage on May 31, 2012. (Doc. 8 at 8). Agrotors alleges that its sale of the helicopter was taken in good faith to mitigate any loss in value to the helicopter, not because of any determination that AGM had breached the insurance

---

[3] Agrotors' complaint states that "AGM owed Agrotors a duty under both the common law and 42 Pa. C.S.A. § 8371. . . ."). (Doc. 1 ¶ 33). However, Pennsylvania does not recognize a claim for bad faith by insurance companies handling claims of insureds outside of a statutory violation. See D'Ambrosio v. Pennsylvania Nat. Mut. Cas. Ins. Co., 431 A.2d 966 (Pa. 1981); see also Ridgeway v. United States Life Credit Life Ins. Co., 793 A.2d 972, 977 n.2 (Pa. Super. Ct. 2002).

policy. (Id. at 9; Doc. 1 ¶¶ 22-23). Agrotors reasons that AGM did not take any overt action in bad faith, which would have provided Agrotors with an instantaneous corresponding cause of action. (Doc. 8 at 9). Instead, Agrotors asserts that "AGM's misconduct manifested through years of inaction." (Id.)

When considering a motion to dismiss, the court must draw all reasonable inferences in favor of the plaintiff. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). Moreover, the court in Haugh reasoned that, when commencement of the limitations period is in dispute, the trier of fact should determine the point at which a plaintiff reasonably should have been aware of its cause of action. Haugh, 322 F.3d at 231 (citing Crouse v. Cyclops Indus., 745 A.2d 606, 611 (2000). Indeed, the court should not determine the commencement of the limitations period as a matter of law unless "the facts are so clear that reasonable minds cannot differ." Id. (quoting Crouse, 745 A.2d at 611). The court finds that it is not clear when Agrotors' cause of action arose, nor when Agrotors should have reasonably been aware of its accrual. Moreover, it is certainly plausible that the limitations period commenced on May 31, 2012. Thus, at this early stage of the litigation, the court is unable to conclude as a matter of law that the applicable statute of limitations bars Agrotors' bad faith claim.

B.     Count III: Fraud and Misrepresentation

In Count III, Agrotors pleads a claim for common law fraud and misrepresentation. Agrotors alleges that AGM made "oral and written false representations to Agrotors" in its policy that it would pay Agrotors for covered losses. (Doc. 1 ¶ 43). Agrotors also claims that AGM's statements that "it is currently unable to complete its investigation and is unable to promptly pay Agrotors for losses incurred under the policy" were also false. (Id. ¶ 43). Agrotors contends that it is entitled to damages because "it was entitled to be covered for its losses under the policy it purchased from AGM."

AGM asserts that Agrotors' claim is barred by the "gist of the action" and economic loss doctrines, which generally do not permit tort claims that are duplicative of breach of contract claims. See Werwinski v. Ford Motor Co., 286 F.3d 661, 671 (3d Cir. 2002) (economic loss doctrine); eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002) ("gist of the action" doctrine). AGM also moves to dismiss Count III because it claims that Agrotors' complaint fails to meet the heightened pleading requirements for a fraud claim. See FED. R. CIV. P. 9(b) ("[I]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). For the reasons discussed *infra*, the court finds that the "gist of the action" doctrine bars Agrotors' claim and thus, it need not address AGM's other arguments for dismissal.

For the non-performance of a contract to constitute an actionable tort, it "must be the gist of the action, the contract being collateral." eToll, 811 A.2d at 14

(quoting Bash v. Bell Tel. Co., 601 A.2d 825 (Pa. Super. Ct. 1992)). The "gist of the action" doctrine bars a tort claim where (1) the claim arises from a contract between the parties; (2) the duties breached were created by the contract; (3) liability derives from the contract; or (4) the success of the tort claim is wholly dependent upon the contract's terms.[4] Id. at 19. When applying the "gist of the action" doctrine to fraud claims, the Pennsylvania Superior Court explained that a "claim should be limited to a contract claim when 'the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts.'" Id. at 14 (quoting Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir. 2001)).

AGM asserts that all of Agrotors' allegations in support of its fraud and misrepresentation claim "arise from the alleged representations and obligations on the part of AGM under the insurance policy." (Doc. 5 ¶ 19). AGM contends that Agrotors' claim "is dependent upon, and essentially duplicates the breach of contract action." (Id.) Agrotors responds that the "gist of the action" doctrine only bars claims for fraud in the performance of a contract but not claims involving fraud in the inducement. (Doc. 8 at 12). Agrotors asserts that its claim constitutes

---

[4] The Pennsylvania Supreme Court has not explicitly adopted the "gist of the action" doctrine, but both the Third Circuit Court of Appeals and the Pennsylvania Superior Court have predicted that it would do so. See Williams v. Hilton Group PLC, 93 F. App'x 384, 385-86 (3d Cir. 2004); eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002).

fraud in the inducement because it is based on AGM's oral and written representations that it would reimburse Agrotors for its covered losses.

Agrotors cites <u>The Brickman Group, Ltd. v. CGU Insurance Company</u>, 865 A.2d 918, 928 (Pa. Super. Ct. 2004) and <u>Foster v. Northwestern Mutual Life</u>, Civ. A. No. 02-2211, 2002 WL 31991114 (E.D. Pa. July 26, 2002) for the proposition that the "gist of the action" doctrine does not bar claims involving fraud in the inducement. In reality, the state of the case law is much more complex. The Honorable Stewart Dalzell undertook a thorough analysis of the evolution of the "gist of the action" doctrine in <u>Vives v. Rodriguez</u>, 849 F. Supp. 2d 507 (E.D. Pa. 2012). In <u>Vives</u>, the court recognized that the Pennsylvania Superior Court has adopted a bright line rule providing that the "gist of the action" doctrine bars claims of fraud in the performance of a contract but does not bar claims for fraud in the inducement. 849 F. Supp. 2d at 519-20 (citing cases). However, the <u>Vives</u> court also recognized that the Third Circuit, as well as district courts within the Third Circuit, have determined that the "gist of the action" doctrine may bar claims for fraud in the inducement "where the false representation concerned duties later enshrined in the contract." <u>Id.</u> at 518-20 (citing cases). These federal cases also warned against any reliance on the distinction between fraudulent inducement and fraudulent performance claims, instead emphasizing that the doctrine requires a fact-intensive analysis. <u>Id.</u> at 520. The <u>Vives</u> court ultimately sided with the authority within the Third Circuit and predicted that the Pennsylvania Supreme Court would find that the "gist of the action" doctrine bars fraudulent inducement claims based upon

9

"misrepresentations as to a party's intent to perform under a contract." Id. See also Irish Isle Provision Co., Inc., v. Polar Leasing Co., Inc., Civ. A. No. 12-778, 2013 WL 6077362 (M.D. Pa. Nov. 19, 2013) (adopting Vives' analysis); Oldcastle Precast, Inc., v. VPMC, Ltd., Civ. A. No. 12-6270, 2013 WL 1952090 (E.D. Pa. May 13, 2013) (same); Bengal Converting Serv. Inc. v. Dual Printing, Inc., Civ. A. No. 11-6375, 2012 WL 831965 (E.D. Pa. March 13, 2012) (same).

The court agrees with the Vives court's comprehensive analysis and conclusion. Even if Agrotors frames its claim as fraud in the inducement, it is clear that AGM's allegedly fraudulent misrepresentations are focused entirely upon its subsequent obligations under the insurance policy. Thus, Agrotors' fraud and misrepresentation claim rises and falls with its breach of contract claim.

The court is wary of dismissing a claim pursuant to the "gist of the action" doctrine at such an early stage of the litigation before the facts surrounding the claim may be developed. See Victor Buyck Steel Constr. v. Keystone Cement Co., Civ. A. No. 09-2941, 2010 WL 1223594, at *3 (E.D. Pa. March 30, 2010) (citing cases). However, Agrotors' allegations concerning AGM's alleged misrepresentations are so intricately intertwined with its breach of contract claim that the court is confident that further discovery would not impact upon its decision. It is clear from the face of the complaint that the "gist" of this action is AGM's alleged breach of contract. Thus, the court will dismiss Agrotors' fraud and misrepresentation claim as barred under the "gist of the action" doctrine.

C.     Count IV: Promissory Estoppel

The complaint also includes a claim for promissory estoppel. (Doc. 1 ¶¶ 12-13). To adequately plead promissory estoppel, Agrotors must allege that (1) AGM made a promise that it should have reasonably expected would induce action or forbearance on the part of Agrotors; (2) Agrotors actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise. Crouse v. Cyclops Indus., 745 A.2d 606, 403 (Pa. 2000).

AGM asserts that, because the complaint pleads the existence of a contract and its essential elements, the court must dismiss Agrotors' claim for promissory estoppel. In support, AGM cites Carlson v. Arnot-Ogden Memorial Hospital, 918 F.2d 411 (3d Cir. 1990) and Kump v. State Farm Fire & Casualty Company, Civ. A. No. 12-72, 2012 WL 1123897 (M.D. Pa. April 4, 2012), for the proposition that promissory estoppel is only applicable when the required elements of a contract are not all present. However, Agrotors claims that it pleaded promissory estoppel in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).[5] (Doc. 8 at 15-16). Moreover, AGM has acknowledged that the complaint adequately alleges the existence of a valid contract, but it has yet to stipulate that a contract exists or is

---

[5] The complaint does not specifically state that Agrotors is pleading promissory estoppel in the alternative, but the court must construe pleadings "so as to do justice." FED. R. CIV. P. 8(e).

controlling. Thus, AGM's motion to dismiss is premature on this ground and the court will deny AGM's motion to dismiss Agrotors' promissory estoppel claim.[6]

## IV.  Conclusion

For the above-stated reasons, the court will grant defendant's motion (Doc. 5) to dismiss in part and deny it in part. Agrotors' claim for common law fraud and misrepresentation in Count III is dismissed. An appropriate order follows.


      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        February 24, 2014

---

[6] AGM also makes a cursory argument that Agrotors' complaint lacks particularity and fails to allege the basic elements of a promissory estoppel claim. (Doc. 6 at 14 n.11). To the contrary, Agrotors' complaint explicitly addresses each element of a promissory estoppel claim. (See Doc. 1 at 12-13).